F I L E D
UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
JUNE 10 2021
JEFFREY P. ALLSTEADT, CLERK

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>**Mack Industries, Ltd. et. al.**<br><br>Debtors.<br>_____<br>**Ronald R. Peterson, trustee, et. al.**<br>v.<br><br>Plaintiffs<br>v.<br><br>**Kyle Bell,**<br><br>Defendant. | Chapter 7<br><br>Bankruptcy No.: 17-09308 (CAD)<br><br>Honorable Carol A. Doyle<br><br>Adversary No. 19-00447<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES BY DEFENDNAT KYLE BELL IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT IN ITS ENTIRITY**<br><br>Date: June 17th, 2021<br>Time: 10:45 a.m.<br>Dept.: Zoom |

Comes Now Defendant Kyle Bell ("Bell") who moves to dismiss Count One and Count Two of the Amended Complaint filed 1/14/21 for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTS

The

The following relevant facts are derived from the amended complaint:

1. The McClelland family *"looted"* Mack Industries, Ltd. ("Mack") by *"causing"* Mack to pay Defendant, Kyle Bell, $35,353.92 for property management services provided to the McClelland's and their other companies. (Amended Complaint ¶ 1)

2. This payment was made as part of McClelland's scheme to hinder, delay, and defraud Mack's creditors, including American Residential Leasing, LLC. (Amended Complaint ¶ 1)

3. Mack was created in 1998 and was owned by James K. McClelland. (Amended Complaint ¶ 6)

4. James K. McClelland and his son James H. McClelland managed Mack. (Amended Complaint ¶ 7)

5. In 2012 American Residential Leasing Company, LLC ("American Residential") leased several hundred residential properties to Mack in return for monthly rental payments and Mack was to sublease and maintain the properties. (Amended Complaint ¶ 16-23)

6. Mack was required to send American Residential written statements setting forth the gross revenue for the prior year. (Amended Complaint ¶ 24)

7. In 2014 American Residential concluded that **"the overall economics of the Mack-ARP relationship …is not performing at a profitability level that is sustainable to Mack."** (Amended Complaint ¶ 26)

8. In 2014 Mack ultimately stopped paying anything to American Residential and stopped paying property taxes on the properties it managed for American Residential. (Amended Complaint ¶ 34)

9. In June of 2104 Mack advised American Residential that unless the agreement was modified that assets would be transferred to hinder American Residential. (Amended Complaint ¶ 29)

10. American Residential allowed Mack to continue managing their properties until 2016. (Amended Complaint ¶ 63)

11. The initial adversary proceeding was filed on 3/22/19.

The Trustee seeks to recover the funds from Bell under 740 ILCS 160/5(a)(2), 740 ILCS 160/6(a), 740 ILCS 160/8(a), 11 U.S.C. §§ 544(b)(1) , 548(a)(1)(B), and 550(a). These claims should dismissed as the Amended Complaint fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

## ARGUMENT

### I. DISMISSSAL OF COUNT 1 and 2 FOR AVOIDANCE AND RECOVERY OF CONSTRUCTIVE AND ACTUAL FRAUDULENT TRANSFER

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss should be granted when the plaintiff "can prove no set of facts in support of [the plaintiff's] claims which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The Seventh Circuit Court of Appeals, has interpreted this standard to mean that, to survive a motion to dismiss for failure to state a claim, the plaintiff's complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under *some* viable legal theory." *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir. 1984) (quoting *Sutliff, Inc. v. Donovan Cos.*, 727 F.2d 648, 654 (7th Cir. 1984)) (emphasis in original).

### A. Dismissal Based on Statute of Limitations/Statute of Repose and 11 USC ¶ 550(b)

**1. 740 ILCS 160/5(a)(2)**

740 ILCS 160/10 states that a cause of action with respect to a fraudulent transfer under 740 ILCS 160/5(a)(2) is extinguished unless action is brought "within 4 years after the transfer was made or the obligation was incurred.

As Bell provided a service the debt is deemed to have been incurred on the date the services are rendered. *In Re First Jersey Sec. Inc,* 180 F3d 504 (3rd Cir. 1999). It is alleged that Bel provided services until February 6, 2015. (Amended Complaint ¶ 73)

As the action against Bell under 740 ILCS 160/5(a)(2) was not filed until 3/22/19, more than four years from the alleged fraudulent transfers. This action is barred and is subject to dismissal.

### 2. 740 ILCS 160/6(a)

740 ILCS 160/10 states that a cause of action with respect to a fraudulent transfer under 740 ILCS 160/6(a) is extinguished unless action is brought "within 4 years after the transfer was made or the obligation was incurred.

As Bell provided a service the debt is deemed to have been incurred on the date the services are rendered. *In Re First Jersey Sec. Inc,* 180 F3d 504 (3rd Cir. 1999). It is alleged that Bel provided services until February 6, 2015. (Amended Complaint ¶ 73)

As the action against Bell under 740 ILCS 160/6(a) was not filed until 3/22/19, more than four years from the alleged fraudulent transfers. This action is barred and is subject to dismissal.

### 3. 740 ILCS 160/8(a)

The remedies available under 740 ILCS 160/8(a) are lost as well due to the running of the statute of limitations as set forth herein.

### 4. 11 U.S.C. § 544(b)(1)

11 U.S.C. § 544(b)(1) allows a trustee to avoid transfers or obligations that are "voidable under applicable law," which is generally interpreted to mean state law. *Ebner v. Kaiser (In re Kaiser),* 525 B.R. 697, 709 (Bankr. N.D. Ill. 2014). If the creditor is barred from recovery because of the running of a statute of limitations prior to the commencement of the case, the trustee is likewise rendered impotent.'") (4 Collier on Bankruptcy § 544.03[2] at 544-21 to 22 (L. King. 15th ed. 1989)).

Plaintiff utilizes American Residential Leasing Company, LLC and the IRS as the "triggering creditors" who would have the right to bring a state court action to support the application of the Illinois Uniform Fraudulent Transfer Act (IUFTA) against Bell. (Amended Complaint ¶ 69)  Any claim American Residential would have under the IUFTA or the bankruptcy code has been extinguished as set forth herein.

Plaintiff intends to save the IUFTA claim as it is asserted that the IRS benefits from a ten-year limitations period (Amended Complaint ¶ 69) under IRC Section 6502. Immunity from state statutes of limitation is a sovereign power of the United States. *Alaska Dept. of Environmental Conservation v. E.P.A.,* 540 U.S. 461, 514, 124 S.Ct. 983, 157 L.Ed.2d 967 (2004).

There is support for the Trustee's position. Under Section 544(b), a bankruptcy trustee pursuing a state law fraudulent transfer claim is subject to the ten-year look back period available to the IRS when it seeks to collect taxes, provided the IRS is an unsecured creditor of the estate. *In re Republic Windows & Doors, LLC,* 2011 WL 5975256, *9 (Bankr.N.D.Ill.2011)  While this may be a reasonable interpretation of Section 544(b) if read in isolation, the Court in In re Vaughn 498 B.R. 297, Bkrtcy. D.N.M. was not persuaded that this logic yields the correct result.

Immunity from state statutes of limitation is a sovereign power of the United States. *Alaska Dept. of Environmental Conservation v. E.P.A.,* 540 U.S. 461, 514, 124 S.Ct. 983, 157 L.Ed.2d 967 (2004). **Such power may only be used to enforce public rights and protect public interests.** *Bd. of County Comm'rs for Garfield County, Colo. v. W.H.I., Inc.,* 992 F.2d 1061, 1065 (10th Cir.1993) "An action which, although brought in the name of the United States, involves no public rights or interests may be subject to a state statute of limitations."); *S.E.C. v. Calvo,* 378 F.3d 1211, 1218 (11th Cir.2004). Because the IRS is **only permitted to use a ten-year look back period in**

**order to perform a government function, the Trustee is likewise limited** under Section 544(b). *See In re Brooke Corp.,* 485 B.R. 650, 665 (Bankr.D.Kan.2013). This conclusion "give[s] practical effect to Congress's intent." *U.S. v. Heckenliable,* 446 F.3d 1048, 1051 (10th Cir. 2006). Section 544(b) is meant to incorporate state law, not to subordinate it. *In re Truong,* 285 Fed.Appx. 837, 839 (3rd Cir.2008). As the IRS holds an unsecured claim in a substantial portion of bankruptcy cases if a bankruptcy trustee is allowed to recover transfers made within ten years before the petition date, it would eviscerate the four-year look back period in most bankruptcy cases. *See, e.g., In re Solomon,* 299 B.R. 626, 632 n. 21 (10th Cir. BAP 2003).

This Court should be unwilling to draw an inference that Congress intended such a dramatic change in the law and should dismiss the Amended Complaint in its entirety.

**5. 11 U.S.C §548(a)(1)(B)**

"The trustee may avoid any transfer (including any transfer to or for the benefit of an insider under an employment contract) of an interest of the debtor in property, or any obligation (including any obligation to or for the benefit of an insider under an employment contract) incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily—" (11 U.S.C. 548(a)(1))

The underlying bankruptcy petition was filed on 3/24/17. Any claim under 548(a)(1)(B) was extinguished as of 3/23/15.

**6. 11 U.S.C §550(a)**

Any remedy under 11 U.S.C. § 550(a) has been extinguished as argued above due to the running of the statute of limitations. Recovery against Bell is also unavailable to Plaintiff pursuant to the protections afforded Bell under 11 U.S.C § 550(b) as an "immediate transferee."

11 U.S.C §550(a)(1) states that the trustee may recover from the *initial transferee*. 11 U.S.C § 550(a)(2) allows the trustee to recover from the immediate or mediate transferee as well. However, 11 U.S.C § 550(b) states that the trustee *may not recover from the immediate or mediate transferee* as allowed under § 550(a)(2) if the transferee takes for value (including satisfaction or securing of a present or antecedent debt), in good faith, and without knowledge of the voidability of the transfer avoided. The Amended Complaint establishes that Bell was not the initial transferee. The initial transferee was McClelland and/or their entities. As alleged they looted the funds and then gave then allegedly used them to pay Bell.

Bell received the funds due to a valid debt McClelland and/or their entities unbeknownst to Bell owed to Bell for property management services (value) provided in good faith and without knowledge of the voidability of the so called looted transfer to McClelland and/or their entities. According to the Amended Complaint: a) McClelland owned Mack; b) Mack managed properties for McClelland; c) Bell's services benefited McClelland; d) Mack paid Bell for management services on McClelland properties to satisfy a debt incurred by McClelland and/or their entities with Bell and for the benefit of McClelland; and e) McClelland was aware that Mack was paying Bell through Mack accounts for the benefit of McClelland and/or their entities. (Amended Complaint ¶¶'s 1, 6, 73, 76, 77, 79, 98, 100, and 103) The initial transferee of the payment to Bell is clearly McClelland and/or their entities; not Bell. *Max Sugarman Funeral Home Inc. v. A.D.B Investors,* 926 F.2d 1248, 1256 (1990).

The trustee may not recover against Bell as the Amended Complaint as properly read confirms that at best Bell was the immediate transferee, not the initial transferee, and that took the payment from McClelland/Mack for value, in good faith and without knowledge of the voidability of the transfer. (11 U.S.C §550(b); *Max Sugarman Funeral Home Inc. v. A.D.B Investors,* 926 F.2d 1248, 1256 (1990) The Amended Complaint should be dismissed in its entirety

## II. DISMISSSAL OF COUNT 1 FOR AVOIDANCE AND RECOVERY OF CONSTRUCTIVE FRAUDULENT TRANSFER

### B. Dismissal Based on Federal Rule of Civil Procedure 10(b) and Fed. R. Bankr. P. 7010

In order to promote clarity, separate claims should be set forth in separate counts. Fed. R. Civ. P. 10(b); Fed. R. Bankr. P. 7010. Plaintiff combined in one count claims under the Illinois Uniform Fraudulent Transfer Act ("IUFTA") and the IRS statutory protections. Plaintiff's inclusion of state law and federal law claims in the same count creates confusion and lacks of clarity. The confusion is that the Amended Complaint suggest that the Trustee is seeking redress under the IUFTA but then references the IRS statutory protections in the only two counts being advanced. While the Amended Complaint suggests that the IRS statutory protections may be used to extend the statute of limitations under the IUFTA this is not correct. If Plaintiff proceeds under the IUFTA a plausible claim must be set forth. While Plaintiff may be able to proceed under the IRS statutory protections each cause of action must stand alone. Dismissal of the Amended Complaint is warranted. *In Re Grobner* 2019 Bankr. LEXIS 1450 (2019); U.S. Bankruptcy Court Central District of Ill.)

## CONCLUSION

Dismissal of the amended complaint in full with prejudice is warranted.

Dated: 6/10/21

Respectfully Submitted,

/s/ Kyle Bell

Kyle Bell, In Pro Per
Defendant